UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| WEIGHT INTERVENTION AND | ) Honorable Pamela Hollis |
| SURGICAL HEALTHCARE HOLDING, | ) |
| LLC, et al., | ) Case No. 05 B 16002 |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

FILED
UNITED STATES
NORTHERN DISTRICT OF ILLINOIS
APR 2 7 2005
KENNETH S. GARDNER
PS REP. - EG CLERK

### SUMMARY PURSUANT TO LOCAL RULE 4001-2 OF INTERIM ORDER (I) AUTHORIZING DEBTORS (A) TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) AND 364(d)(1), AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. §363, (II) GRANTING ADEQUATE PROTECTION TO LENDER PURSUANT TO 11 U.S.C. §§361, 362 AND 363, (III) MODIFYING AUTOMATIC STAY, (IV) PROVIDING OTHER RELIEF, AND (V) SCHEDULING FINAL HEARING

Weight Intervention and Surgical Healthcare Holding, LLC ("WISH Holding"), Weight Intervention and Surgical Healthcare Center No. 3, LLC, Weight Intervention and Surgical Healthcare Center No. 4, LLC, Weight Intervention and Surgical Healthcare Center No. 5, LLC, WISH Center No. 6, LLC, WISH Center No. 7, PLLC, WISH Center No. 8, PLLC, WISH Center No. 9, LLC, WISH Center No. 10, PLLC, WISH Center No. 103, LLC, WISH Products, LLC, Midwest Trauma, LLC, Midwest Surgical, LLC and Midwest Surgical Real Estate Holdings, LLC (collectively, the "Debtors"), hereby submit the following summary, per Local Rule 4001-2, of the proposed Interim Order: (i) authorizing Debtors (a) to obtain post-petition financing pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1), and (b) to utilize cash collateral pursuant to 11 U.S.C. § 363, (ii) granting adequate protection to lender pursuant to 11 U.S.C. §§ 361, 362 and 363, (iii) modifying automatic stay, (iv) providing other relief, and (v) scheduling final hearing (the "Proposed Interim Financing Order"), and respectfully state as follows:

1.  On April 22, 2005 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their assets as debtors-in-possession. The Debtors have moved for joint administration of their chapter 11 cases.

2.  On the Petition Date, the Debtors filed a motion for the entry of an interim order: (I) (a) pursuant to §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 507(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 4001(c) and 9014, authorizing the Debtors to borrow money and obtain other financial accommodations (the "DIP Financing") from Wish Acquisition, LLC (the "Lender") and to execute all documents and agreements in form and substance satisfactory to the Lender in connection therewith, (b) authorizing the Debtors to use the Lender's cash collateral pursuant to § 363 of the Bankruptcy Code; (II) granting the Lender adequate protection for its interest in the Lender's pre-petition collateral, pursuant to §§ 361, 362, 363 and 507(b) of the Bankruptcy Code; (III) granting the Lender relief from the automatic stay, pursuant to § 362 of the Bankruptcy Code; (IV) providing other relief; and (V) scheduling a final hearing to consider entry of a final order authorizing the DIP Financing (the "Financing Motion").

3.  The Court granted limited interim relief on the Financing Motion in an order entered on April 25, 2005. A more comprehensive hearing on interim financing pursuant to the Financing Motion is scheduled for April 28, 2005 at 10:30 a.m. before this Court.

4. The Proposed Interim Financing Order was attached to the Financing Motion.[1] Pursuant to Local Rule 4001-2, the Debtors summarize below certain terms of the Proposed Interim Financing Order.

a. <u>Validity of Liens and Waiver of Claims</u> – Pursuant to Local Rule 4001-2(A)(2)(b), the Proposed Interim Financing Order contains the following provisions relating to the validity of the Lender's liens and waiver of claims against the Lender (Paragraphs 3 and 14):

(Paragraph 3 of Proposed Interim Financing Order) -- *Debtors' Stipulations.* Without prejudice to the rights of any other party other than the Debtors (but subject to the limitations thereon contained in Paragraphs 14 and 29 below), the Debtors stipulate and agree that:

(a) Prior to the Petition Date, to enable the sale of the Debtors' assets as contemplated in these Cases, Lender acquired from American Chartered Bank (the "Bank") substantially all of the pre-petition secured loans and indebtedness owed to the Bank by the Debtors such that as of the Petition Date, Lender holds all of the Bank's claims against the Debtors;

(b) (i) As of the Petition Date, the Debtors were indebted and liable to the Lender under the Existing Loan Documents, without defense, counterclaim or offset of any kind, in the principal amount of approximately $5,100,000, not including unpaid and accrued interest, costs and professional fees, in respect of (A) pre-petition loans and advances made directly to the Debtors by the Bank pursuant to an Amended and Restated Revolving Note in the maximum principal amount of $3.5 million, and (B) pre-petition loans and advances made to the Debtors by the Bank pursuant to a Term Note in the original principal amount of $2.5 million, together with all unpaid interest, costs, charges, professional fees and obligations incurred in connection therewith, as such notes may have been modified, replaced or restated (collectively, the "**Pre-Petition Debt**"), (ii) no portion of the Pre-Petition Debt is subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law, and (iii) the Debtors do not have, and hereby forever release, any claims, counterclaims, causes of action, defenses or offset rights, whether arising under the Bankruptcy Code or otherwise, against the Lender and its respective predecessors, affiliates, agents, officers, directors, employees and attorneys relating to the Pre-Petition Debt or the Existing Loan Documents; and

(c) the pre-petition liens and security interests granted pursuant to the Loan and Security Agreement and all other security documents executed by any of the Debtors in favor of the Lender relating to the Existing Loan Documents (the "**Pre-Petition Liens**"), are (i) valid, perfected, enforceable, first-priority liens and security interests in all property of the Debtors as described in such agreement and security documents (the "**Pre-Petition Collateral**"),

---

[1] The terms of the Proposed Interim Financing Order may be altered prior to the hearing on April 28, 2005 due to ongoing negotiations between the Debtors, the Lender and the United States Trustee.

(ii) not subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law, (iii) subject only to (A) the post-petition liens and security interests granted to the Lender pursuant to this Interim Order and any Final Order (the "**DIP Liens**"), and (B) the **Carve Out** or the **Budgeted Professional Fees** (as defined below) as to which the DIP Liens are subject, and (iv) senior to the secured portion of any valid, perfected and unavoidable liens as of the Petition Date under the loan agreements by and between the Debtors and Lasalle Bank National Association (the "LaSalle Claim" and "LaSalle," respectively); provided, however, that the LaSalle Claim shall be satisfied pursuant to the terms set forth and fully disclosed in the Financing Motion and in connection with the Proposed Sale (as defined below).

(Paragraph 14 of Proposed Interim Financing Order) -- *Effect of Stipulations on Third Parties*. The stipulations and admissions contained in this Interim Order, including, without limitation, those in paragraph 3 of this Interim Order, shall be immediately binding on the Debtors, and thereafter binding upon all other parties in interest, including the Committee, unless (a) the Committee has timely filed an adversary proceeding or contested matter (subject to the limitations contained herein, including, inter alia, those in Paragraph 15 below) by no later than the date that is 30 days after the formation of the Committee (or such later date as has been agreed in writing to by the Lender, or ordered by this Court after notice and a hearing), (i) challenging the validity, enforceability, priority or extent of the Pre-Petition Debt or the Pre-Petition Liens, or (ii) otherwise asserting any claims or causes of action against the Lender, and (b) there is a final order or judgment in favor of the Committee in any such timely filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is timely filed by a party in interest other than the Debtors by the Termination Date, (x) the Pre-Petition Debt, the Pre-Petition Liens and all related obligations of the Debtors (the "**Pre-Petition Obligations**") shall constitute allowed claims, not subject to counterclaim, offset, subordination, recharacterization, defense or avoidance, for all purposes in the Cases and any subsequent chapter 7 cases, (y) the Pre-Petition Liens shall be deemed to have been, as of the Petition Date, legal, valid, binding, perfected, not subject to recharacterization, subordination or avoidance, and (z) the Pre-Petition Obligations shall not be subject to any other or further challenge by any party in interest seeking to exercise the rights of the Debtors' estates, including, without limitation, any successor(s) thereto. If any such adversary proceeding or contested matter is timely filed, the stipulations and admissions contained in Paragraph 3 shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) except to the extent that such findings and admissions were successfully challenged in such adversary proceeding or contested matter.

b. <u>Qualified Waiver Under Section 506(c) of the Bankruptcy Code</u> --

Pursuant to Local Rule 4001-2(A)(2)(c), the Proposed Interim Financing Order contains the following provisions relating to the qualified waiver of the Debtors' rights under § 506(c) of the Bankruptcy Code (Paragraph 16).

(Paragraph 16 of Proposed Interim Financing Order) -- *No Surcharge Without Consent*. Except as set forth in the DIP Budget, no costs or expenses of any kind incurred in the

4

Cases by any party, including but not limited to the Debtors and the Committee, shall be imposed upon the Lender or any of the DIP Collateral or the Pre-Petition Collateral pursuant to section 506(c) of the Bankruptcy Code or otherwise without the Lender's prior written consent, which may grant or deny such consent in its sole and absolute discretion, and no such consent shall be implied or imposed based on any action or inaction of the Lender.

   c. <u>Relief from Automatic Stay Provisions</u> -- Pursuant to Local Rule 4001-2(A)(2)(i), the Proposed Interim Financing Order contains the following provisions relating to the Lender obtaining relief from the automatic stay under § 362 of the Bankruptcy Code (Paragraph 8(b)).

   (<u>Paragraph 8(b) of Proposed Interim Financing Order</u>) -- The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit the Lender to exercise, upon the occurrence and during the continuance of an Event of Default and the giving of the five (5) business days' prior written notice to the Debtors, all rights and remedies against the DIP Collateral and Pre-Petition Collateral provided for in the Existing Loan Documents and this Interim Order. In any hearing after the giving of the aforementioned notice, the only issue that may be raised by the Debtors in opposition thereto shall be whether, in fact, an Event of Default has occurred and is continuing, and the Debtors hereby waive their right to seek to reimpose the automatic stay or obtain other injunctive relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of the Lender as set forth in this Interim Order or the Existing Loan Documents. In no event shall the Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Pre-Petition Collateral and DIP Collateral.

   5. The Debtors respectfully submit that these provisions should be approved by this Court as part of an order approving the Financing Motion.

**[Remainder of page intentionally left blank. Next page is the signature page.]**

Dated: April 27, 2005

Respectfully submitted,

Weight Intervention and Surgical Healthcare Holding, LLC, et al., Chapter 11 Debtors-In-Possession

By: *[signature]*
One of their Attorneys

Edward J. Green (No. 6225069)
Geoffrey S. Goodman (No. 6272539)
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone: (312) 832-4500
Facsimile: (312) 832-4700