IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC, et al., | ) ) ) | Honorable Pamela S. Hollis |
| | ) | Case No. 05 B 16002 |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

**NOTICE OF HEARING ON FIRST AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES OF
FOLEY & LARDNER LLP AS COUNSEL TO THE DEBTORS**

**TO:**   See Attached Service List

**PLEASE TAKE NOTICE** that on the **4th** day of **May, 2006** at **10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis or any judge sitting in her place and stead, in Room 644 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the **FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES OF FOLEY & LARDNER LLP AS COUNSEL TO THE DEBTORS** (the "Application").

The Application, together with all exhibits, was filed with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, via the Court's ECF system, on April 10, 2006. The Application seeks final allowance of fees in the amount of $234,907.50 and reimbursement of expenses incurred in the amount of $21,430.47 for the period from April 22, 2005 through February 8, 2006.

Dated: April 10, 2006

FOLEY & LARDNER LLP

By: /s/ Geoffrey S. Goodman
   Edward J. Green (No. 6225069)
   Geoffrey S. Goodman (No. 6272297)
   Foley & Lardner LLP
   321 North Clark Street, Suite 2800
   Chicago, IL 60610
   (312) 832-4500
   (312) 832-4700 - fax

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 10, 2006 he caused true and correct copies of the foregoing FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES OF FOLEY & LARDNER LLP AS COUNSEL TO THE DEBTORS to be served via first class mail on the individuals listed on the attached Service List.

/s/ Geoffrey S. Goodman

IN RE: WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC ET AL.
**SERVICE LIST**

Stephen G. Wolfe
Office of the United States Trustee
227 West Monroe Street, Suite 3350
Chicago, Illinois 60606
(312) 886-5785
(312) 886-5794 – Fax

LaSalle Bank NA
William J. Robertson
1301 East Ogden Avenue
Naperville, IL 60563
(630) 630-2012
(630) 983-2011 – Fax

LePetomane XVII, Inc., as Liquidating Trustee
c/o Jay A. Steinberg
55 E. Erie Street, Apt. 1902
Chicago, IL 60611

Brian K. Gart
Greenberg Traurig LLP
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 765-0500
(954) 765-1477 – Fax

David W. Baddley
Greenberg Traurig LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 456-5205
(312) 456-8435 – Fax

Jeffrey Rosen, M.D.
The WISH Center
2801 Finley Road, 2nd Floor
Downers Grove, IL 60515

Barry A. Chatz
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-3910
(312) 876-6670
(312) 876-0288 – Fax

Susan Barnes de Resendiz
Gardner Carton & Douglas LLP
10815 Oak Hollow Street
Houston, TX 77024-3017
(713) 984-9234
(713) 984-1440 – Fax

US Bancorp
1450 Channel Parkway
Marshall, MN 56258

Tracey L. Treger
Gardner Carton & Douglas LLP
191 N. Wacker Drive, Suite 3700
Chicago, 60606-1698
(312) 569-1210
(312) 569-3210 – Fax

Sara R. Bollerup
Mintz, Levin, Cohn, Ferris, Glovsky and Popco, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 – Fax

Celtic Leasing Corp.
4 Park Plaza, Suite 300
Irvine, CA 92614

Michael S. Held
Jenkens & Gilchrist
A Professional Corporation
1445 Ross Avenue, Suite 3200
Dallas, TX 75202-2799
(214) 855-4500
(214) 855-4300 – Fax

David G. Aelvoet
Linebarger Goggan Blair & Sampson, LLP
711 N. Navarro, Suite 300
San Antonio, TX 78205
(210) 225-4422
(210) 225-6410 – Fax

Neil Herskowitz
Riverside Contracting LLC
2109 Broadway, Suite 206
New York, NY 10023
(212) 501-0990
(212) 501-7088 – Fax

Zachary Mosner
Assistant Attorney General
Bankruptcy & Collections Unit
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 389-2187
(206) 587-5150 – Fax

Philips Medical Capital, LLC
c/o Thomas V. Askounis
Askounis & Borst, P.C.
303 East Wacker Drive, Suite 1000
Chicago, IL 60601
(312) 861-7100
(312) 861-0022 – Fax

Middletown Regional Hospital
c/o Edward C. Richard
Chuhak & Tecson PC
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 849-4135
(312) 444-9027 - Fax

CHIC_1264902.1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Honorable Pamela S. Hollis |
| WEIGHT INTERVENTION AND | ) |
| SURGICAL HEALTHCARE HOLDING, | ) Case No. 05 B 16002 |
| LLC, et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hearing Date: May 4, 2006 at 10:00 a.m. |
| | ) |

## COVER SHEET FOR APPLICATION
## FOR PROFESSIONAL COMPENSATION,

Name of Applicant: Foley & Lardner LLP

Authorized to Provide
Professional Services to: Debtors and Debtors in Possession

Date of Order Authorizing Employment: May 26, 2005 *nunc pro tunc* April 22, 2005

Period for Which
Compensation is sought: April 22, 2005 through February 8, 2006

Amount of Fees sought: $ 234,907.50

Amount of Expense
Reimbursement sought: $ 21,430.47

This is an: Interim Application: _____   Final Application: __X__

If this is not the first application filed herein by this professional, disclose as to all prior fee applications

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| N/A | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered
and expenses incurred herein is: $ 157,253.77

Date: April 10, 2006        By:    /s/ Geoffrey S. Goodman
                                              Applicant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WEIGHT INTERVENTION AND ) | Honorable Pamela S. Hollis |
| SURGICAL HEALTHCARE HOLDING, ) | |
| LLC, et al., ) | Case No. 05 B 16002 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

### FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES OF FOLEY & LARDNER LLP AS COUNSEL TO THE DEBTORS

Foley & Lardner LLP ("Foley"), attorneys for Weight Intervention and Surgical Healthcare Holding, LLC and its related debtors in the above-captioned jointly administered cases (collectively, the "Debtors"),[1] submits this First and Final Application for Compensation and Reimbursement of Fees and Expenses of Foley as Counsel to the Debtors (the "Application"). Foley hereby applies, pursuant to §§ 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure for an order: (a) approving and allowing on a final basis Foley's actual and necessary fees earned and expenses incurred from April 22, 2005 through February 8, 2006 in the aggregate amount of $256,337.97 (the "Final Fees and Expenses"); and (b) authorizing and directing the Liquidating Trustee of the WISH Liquidating Trust (the "Liquidating Trustee") to pay to Foley any portion of the Final Fees and Expenses that have not been previously paid. In support of this Application, Foley respectfully states as follows:

---

[1] The Debtors are Weight Intervention and Surgical Healthcare Holding, LLC, Weight Intervention and Surgical Healthcare Center No. 3, LLC, Weight Intervention and Surgical Healthcare Center No. 4, LLC, Weight Intervention and Surgical Healthcare Center No. 5, LLC, WISH Center No. 6, LLC, WISH Center No. 7, PLLC, WISH Center No. 8, PLLC, WISH Center No. 9, LLC, WISH Center No. 10, PLLC, WISH Center No. 103, LLC, WISH Products, LLC, Midwest Trauma, LLC, Midwest Surgical Real Estate Holdings, LLC and Midwest Surgical, LLC.

CHIC_1328778.1

## I. INTRODUCTION

This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are §§ 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND

On April 22, 2005 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On May 19, 2005, the Debtors filed an application to retain Foley as counsel to the Debtors for all matters in these chapter 11 cases. On May 26, 2005, this Court entered an order approving Foley's employment as counsel to the Debtors, nunc pro tunc to April 22, 2005.

On May 5, 2005, the Debtors filed a motion to sell substantially all of their assets (the "Asset Sale") to Wish Acquisition, LLC (the "Purchaser") pursuant to §§ 363(b) and (f) of the Bankruptcy Code. On July 27, 2005, this Court entered an order approving the Asset Sale. The Asset Sale closed on September 8, 2005.

On October 31, 2005, the Debtors filed their Joint Plan of Liquidation (as amended, the "Plan") and related Disclosure Statement (the "Disclosure Statement") and moved expeditiously toward confirmation of the Plan. On January 12, 2006, this Court entered an order (a) approving the Disclosure Statement, and (b) confirming the Plan (the "Confirmation Order"). The effective date of the Plan was February 9, 2006. Pursuant to the Plan, the Confirmation Order and the Liquidating Trust Agreement executed by the Debtors and the Liquidating Trustee, the Liquidating Trustee was appointed to administer the WISH Liquidating Trust as of February 9, 2006.

2

CHIC_1328778.1

### III. **RELIEF REQUESTED**

Foley seeks allowance of the Final Fees and Expenses as well as authorization for payment of any portion of the Final Fees and Expenses that have not been previously paid. The fees and expenses for which compensation and reimbursement are sought are actual, reasonable, and necessary within the meaning of § 330(a) of the Bankruptcy Code.

#### A. **Compensation of Fees**

Section 330(a) of the Bankruptcy Code governs compensation of professionals in bankruptcy matters. See In re Apex Oil Co., 960 F.2d 728, 731 (8th Cir. 1992). Section 330(a) provides, in relevant part, as follows:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). "Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in the bankruptcy courts." In re McCombs, 751 F.2d 286, 288 (8th Cir. 1985).

3

Foley has rendered substantial and valuable professional services on behalf of the Debtors that have resulted in a significant benefit to the creditors of the Debtors' estates and that were beneficial to the administration of these chapter 11 cases. Specifically, Foley guided the Debtors through a complex case that intertwined healthcare regulatory and bankruptcy issues. Foley also led the Debtors through the expeditious confirmation of a consensual Plan that maximizes the value of the Debtors' assets for the benefit of creditors. Indeed, the Debtors' creditors voted <u>unanimously</u> in favor of confirmation of the Plan. Finally, Foley handled the important "public relations" duties associated with well known bariatric surgery centers, including interviews with the media and reassuring confused patients.

Foley respectfully submits that its services were provided with the requisite level of skill and were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues and tasks addressed. Foley has charged its customary fees, which are reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. The amount sought in compensation is in line with awards in similar cases and is commensurate with the professional standing, ability, and expertise of Foley and the professionals and paraprofessionals who have participated in this case. Accordingly, the compensation requested herein reflects the reasonable value of the services provided to the Debtors.

Foley has been mindful of the need to avoid undue legal fees in these cases and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. Such efforts include staffing this matter leanly and eliminating duplication of effort by giving primary responsibility to one partner and one associate for most issues and matters, while staffing other attorneys only on an as-needed

basis. The blended hourly rate of Foley's attorneys is $362.57, and $296.15 when including the rates of paraprofessionals. Attached hereto as **Exhibit A** are the hourly rates for the attorneys and legal assistants who provided service to the Debtors and the total number of hours worked by each.

Attached hereto as **Exhibit B** are the fees that Foley actually charged to the Debtors, corresponding to the categories detailed in the Narrative Summary of Services below. In accordance with Federal Rule of Bankruptcy Procedure 2016(a), the itemized list identifies: (a) the specific tasks performed; (b) the attorney or legal assistant who performed them; (c) the time required to perform them; and (d) the date on which the tasks were performed. To the extent possible, Foley has described each specific task and separately allocated the time attributable to that task. Where the nature of certain tasks and the circumstances surrounding their performance did not allow for individual time entries, aggregate time entries were used.

### B.   Reimbursement of Expenses

Pursuant to § 330(a)(1)(B) of the Bankruptcy Code, the Court may award a professional "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). Accordingly, Foley seeks reimbursement of the actual, necessary expenses that it incurred during its representation of the Debtors. Foley typically charges its clients $0.15 per page for copies and $0.50 per page for outbound facsimiles. Foley does not charge its clients for incoming facsimiles. Charges for travel, electronic research, overnight delivery, postage, long distance phone calls, and other out-of-pocket disbursements are based on actual amounts paid by Foley for those services. Attached hereto as **Exhibit C** is a detailed description of expenses that Foley incurred.

## IV. NARRATIVE SUMMARY OF SERVICES PERFORMED

### A. Asset Analysis and Recovery (4.80 hours)

Foley spent a minimal amount of time analyzing the return of funds to the Debtors' estates and attending to registered agent issues.

### B. Asset Disposition (241.90 hours)

Arguably the most significant aspect of the Debtors' chapter 11 cases was the sale of substantially all of the Debtors' assets under § 363 of the Bankruptcy Code to the Purchaser. Foley's work for the Debtors in connection with the Asset Sale included:

- Interviewing various potential brokers for the Debtors' assets, preparing and filing a motion to employ two firms as co-brokers, and communicating with the brokers throughout the sales process;

- Preparing a motion to approve the Asset Sale, proposed bidding procedures and notices in connection with the Asset Sale and proposed orders approving the bidding procedures and the Asset Sale;

- Amending the asset purchase agreement with the Purchaser (the "APA") and the Schedules to the APA;

- Analyzing numerous legal issues in connection with the Asset Sale, including employee retention issues, employee benefits issues, tax issues, lease issues and insurance coverage issues.;

- Meeting in person and communicating by telephone with the Purchaser, other interested prospective buyers, the Official Committee of Unsecured Creditors (the "Committee"), LaSalle Bank, PsyKare, LLC ("PsyKare"), the Debtors' officers and other interested parties concerning the Asset Sale and related issues;

- Reviewing issues in connection with providing publication notice of the Asset Sale;

- Reviewing objections to the Asset Sale, responding to such objections and negotiating consensual resolutions of such objections;

- Preparing affidavits and other evidence in support of approval of the Asset Sale;

- Participating in hearings on approval of the bidding procedures and the Asset Sale; and

- Preparing documents necessary to close the Asset Sale and participating in the closing of the Asset Sale.

CHIC_1328778.1

Foley also analyzed issues, reviewed documents and participated in the sale of assets by the Debtors' 401(k) plan (the "401(k) Sale").

C. **Business Operations (69.00 hours)**

In connection with business operations, Foley reviewed issues in connection with motions to approve procedures for continued utility service, payment of pre-petition wages and continuation of cash management systems. Foley also attended "first-day" hearings on those motions. Foley also prepared a motion to assume or reject, as applicable, all of the Debtors' contracts and leases (the "Contracts and Leases Motion") and communicated extensively with lessors and contractual counterparties regarding the Contracts and Leases Motion.

This category also contains numerous entries related to the day-to-day business and operational issues that the Debtors faced in their chapter 11 cases. For example, Foley reviewed Medicare billing issues, negotiated and mediated disputes with several vendors and analyzed the Debtors' hospital agreements and employment agreements. Business operations also contains entries for Foley's analysis of the Debtors' agreement with PsyKare and the numerous complex issues that arose out of that agreement.

D. **Case Administration (245.00 hours)**

This category contains entries for Foley's preparation for and attendance at the hearing on the Debtors' "first day" motions. Case administration also encompasses numerous meetings and telephone conferences with the Debtors' creditors, patients, the media, equity holders, the Purchaser, the Committee, the United States Trustee and other parties-in-interest to discuss negotiations, pending motions, hearings, legal strategy and issues, and certain miscellaneous administrative matters. Foley assisted the Debtors in the preparation of their schedules and statements of financial affairs as well as their monthly operating reports for the United States Trustee. Foley also prepared the Debtors' motion to extend time to file their

7

schedules and statements of financial affairs.

Case administration also contains entries for conferences and court appearances that dealt with several outstanding issues in these cases and therefore could not be placed in a single category. Finally, this category contains entries for certain administrative matters handled by Foley in connection with its representation of the Debtors.

### E.  Claims Administration and Objections (63.00 hours)

In connection with claims administration, Foley analyzed numerous claim issues in connection with the Debtors' cases, including the status and priority of patient-refund claims, employee paid-time-off claims, tax claims and medical malpractice claims. Foley also spent considerable time analyzing the validity and priority of PsyKare's claims against the Debtors and negotiated a consensual resolution of PsyKare's claims (the "PsyKare Settlement"). Foley also prepared a settlement agreement with PsyKare and a Rule 9019 motion to approve the PsyKare Settlement. The PsyKare Settlement was very important to the success of the Debtors' cases and facilitated confirmation of the Plan.

This category also contains entries for Foley's preparation of motions to establish a general claims bar date, an administrative claims bar date and a medical malpractice claims bar date. Foley also responded to numerous creditor inquiries regarding the status of their claims and related issues.

### F.  Employee Benefits/Pensions (11.30 hours)

Foley worked with the Debtors to terminate the Debtors' 401(k) plan and prepared documents and analyzed issues in connection with the 401(k) Sale. The closing of the 401(k) Sale was a pre-condition to terminating the Debtors' 401(k) plan and distributing funds to the Debtors' former employees. This category also contains entries for Foley's analysis of certain employee termination issues in connection with the Asset Sale.

G.  **Fee/Employment Applications (40.60 hours)**

Foley drafted and filed applications, attended hearings, prepared orders and communicated with parties-in-interest in connection with the Debtors' employment of Foley as counsel and Harpeth Capital, LLC and 363 Group, Inc. as co-brokers. Foley also reviewed the Committee's application to retain Arnstein & Lehr LLP as counsel and attended a hearing on that application.

Foley also prepared a motion to establish interim compensation procedures for all professionals employed by the Debtors' estates (the "Interim Compensation Procedures"). This category also contains entries for Foley's preparation of monthly fee statements under the Interim Compensation Procedures, all of which were prepared by a junior associate with the assistance of paraprofessionals.[2]

H.  **Financing (30.90 hours)**

The Debtors could not operate without the debtor-in-possession financing provided by the Purchaser (the "DIP Financing"). Foley prepared interim and final DIP Financing orders and DIP budgets and negotiated the terms of those documents with the Purchaser, the Committee, the United States Trustee and other interested parties. Foley also spent considerable time reviewing the status of the DIP Financing and requesting variances and amendments to the DIP budget to ensure that all administrative expenses were satisfied prior to closing the Asset Sale. In furtherance of that goal, Foley prepared a motion to amend the DIP budget and attended a hearing on that motion.

I.  **Litigation (2.80 hours)**

Foley spent a minimal amount of time working on litigation matters.

---

[2] Foley has voluntarily decided not to seek compensation for time expended in preparing this Application.

J.  **Meetings of Creditors (2.50 hours)**

Foley prepared for and attended the meeting of the Debtors' 20 largest creditors and the § 341 meeting of creditors.

K.  **Plan and Disclosure Statement (59.90 hours)**

Foley drafted and revised the Plan, the Disclosure Statement and related documents and exhibits. Foley also prepared the ballot report and a memorandum in support of confirmation of the Plan prior to the confirmation hearing. In addition, Foley attended the confirmation hearing and drafted the proposed Confirmation Order. Prior to filing the Plan and Disclosure Statement, Foley filed motions to extend the time to file a plan and disclosure statement and attended hearings on those motions.

This category also contains entries for Foley's communications with the Debtors' creditors, the Committee and the United States Trustee regarding the Plan, the Disclosure Statement, the confirmation hearing and other Plan-related matters.

L.  **Relief from Stay Proceedings (3.20 hours)**

Foley spent a minimal amount of time analyzing a lift stay motion, attending hearings on that motion and negotiating a waiver of claims against the estate by the movant.

M.  **Business Analysis (0.40 hours)**

Business analysis contains one entry in connection with the 401(k) Sale.

N.  **Tax Issues (0.70 hours)**

Foley spent a minimal amount of time analyzing and communicating with the Debtors on tax issues.

## V. COMPENSATION PREVIOUSLY RECEIVED

Pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Interim Compensation Procedures, Foley states that it has received $157,253.77 in connection with its representation of the Debtors in the above-captioned cases. Foley further states that it has not shared any of the compensation that it has previously received in connection with these cases with any other entity. Furthermore, no such agreement or understanding exists between Foley and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with Foley's representation of the Debtors in the above-captioned cases.

## VI. DEBTORS' APPROVAL

All of the professional services for which compensation is requested herein were performed by Foley for and on behalf of the Debtors, and not for or on behalf of any other person or entity. Furthermore, all services were performed at the direction of the Debtors. Foley further represents that Foley has served a copy of this Application on the Liquidating Trustee and the Debtors' former President for their review and approval.

## VII. CONCLUSION

Giving due consideration to the nature of the services rendered, the legal complexities encountered, the experience of Foley, Foley's normal and customary hourly rates for similar services, the results achieved on behalf of the Debtors, and the time devoted by Foley to the representation of the Debtors, Foley respectfully submits that the fees and expenses for which compensation and reimbursement are sought hereby are actual, reasonable and necessary costs of the administration of these chapter 11 cases. With a blended hourly rate of $362.57 for professionals and $296.15 when including the rates of paraprofessionals, Foley has added value to the administration of these chapter 11 cases and has achieved an efficient delivery of legal

11

services to the Debtors.

WHEREFORE, Foley respectfully requests that the Court enter an order, in the form attached hereto: (a) approving and allowing on a final basis Foley's actual and necessary fees earned and expenses incurred from April 22, 2005 through February 8, 2006 in the aggregate amount of $256,337.97; and (b) authorizing and directing the Liquidating Trustee to pay to Foley any portion of the Final Fees and Expenses that have not been previously paid.

Dated: April 10, 2006              Respectfully submitted,

                                   FOLEY & LARDNER LLP

                                   By: s/ Geoffrey S. Goodman

                                       Edward J. Green (No. 6225069
                                       Geoffrey S. Goodman (No. 6272297)
                                       Foley & Lardner LLP
                                       321 North Clark Street, Suite 2800
                                       Chicago, IL 60610
                                       (312) 832-4500
                                       (312) 832-4700 - fax