IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC, et al., | ) ) ) | Honorable Pamela S. Hollis |
| | ) | Case No. 05 B 16002 |
| | ) | |
| Debtors.[1] | ) | (Substantively Consolidated) |
| | ) | |

## NOTICE OF MOTION

TO: SEE ATTACHED

       PLEASE TAKE NOTICE that on **June 23, 2009**, at **10:00 a.m.**, we shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge, the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 644 and shall then and there present the MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE (the "Motion"). A copy of the Motion is available upon request to Foley & Lardner LLP, Attn: Katherine E. Hall, khall@foley.com, (407) 244-7122.

                                  LePetomane XVII, Inc., not individually but solely in its capacity as Liquidating Trustee of the WISH Liquidating Trust

                                  By: /s/ Geoffrey S. Goodman
                                      One of their Attorneys

                                  Edward J. Green (No. 6225069)
                                  Geoffrey S. Goodman (No. 6272539)
                                  Foley & Lardner LLP
                                  321 North Clark Street, Suite 2800
                                  Chicago, IL 60654
                                  Telephone: (312) 832-4500
                                  Facsimile: (312) 832-4700

---

[1] The Debtors are Weight Intervention and Surgical Healthcare Holding, LLC, Weight Intervention and Surgical Healthcare Center No. 3, LLC, Weight Intervention and Surgical Healthcare Center No. 4, LLC, Weight Intervention and Surgical Healthcare Center No. 5, LLC, WISH Center No. 6, LLC, WISH Center No. 7, PLLC, WISH Center No. 8, PLLC, WISH Center No. 9, LLC, WISH Center No. 10, PLLC, WISH Center No. 103, LLC, WISH Products, LLC, Midwest Trauma, LLC, Midwest Surgical Real Estate Holdings, LLC and Midwest Surgical, LLC.

CHIC_4198041.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC, et al., | ) ) ) | Honorable Pamela S. Hollis |
| | ) | Case No. 05 B 16002 |
| | ) | |
| Debtors. | ) ) | (Substantively Consolidated) |

## MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE

LePetomane XVII, Inc., not individually but solely in its capacity as liquidating trustee (the "Liquidating Trustee") of the WISH Liquidating Trust, by and through its attorneys, hereby moves this Court (the "Motion") for entry of a final decree closing the above-captioned chapter 11 bankruptcy cases pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022. In support of this motion (the "Motion"), the Liquidating Trustee respectfully states as follows:

### BACKGROUND

1. On April 22, 2005, Weight Intervention and Surgical Healthcare Holding, LLC ("WISH Holding") and its related debtors (collectively, the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' cases were jointly administered under the WISH Holding case number. The Debtors' cases have been substantively consolidated by the entry of the

---

[1] The Debtors are Weight Intervention and Surgical Healthcare Holding, LLC, Weight Intervention and Surgical Healthcare Center No. 3, LLC, Weight Intervention and Surgical Healthcare Center No. 4, LLC, Weight Intervention and Surgical Healthcare Center No. 5, LLC, WISH Center No. 6, LLC, WISH Center No. 7, PLLC, WISH Center No. 8, PLLC, WISH Center No. 9, LLC, WISH Center No. 10, PLLC, WISH Center No. 103, LLC, WISH Products, LLC, Midwest Trauma, LLC, Midwest Surgical Real Estate Holdings, LLC and Midwest Surgical, LLC.

Confirmation Order (as defined below).

3. On October 31, 2005, the Debtors filed their Joint Plan of Liquidation (as amended, the "Plan") and related Disclosure Statement (the "Disclosure Statement"). On January 12, 2006, this Court entered an order (a) approving the Disclosure Statement, and (b) confirming the Plan (the "Confirmation Order"). The effective date of the Plan was February 9, 2006 (the "Effective Date"). Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Plan.

4. On the Effective Date, the Liquidating Trust was created and the Liquidating Trustee was appointed to, among other things, administer the Debtors' estates and make all distributions required under the Plan.

5. Pursuant to Sections 5.01 through 5.04 of the Plan, the Liquidating Trustee is authorized to make distributions to holders of allowed claims. Consistent with this grant of authority, the Liquidating Trustee has made (or will make) distributions to holders of allowed claims in accordance with the Plan, as more fully set forth below.

6. Pursuant to Article 12 of the Plan, the Court retains jurisdiction over the Debtors' cases for the purposes of, among other things, entering a final decree and resolving various post-confirmation matters. By this Motion, the Liquidating Trustee requests that this Court enter a final decree closing the Debtors' cases pursuant to § 350 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3022.

**CLASSES OF CLAIMS AND DISTRIBUTIONS MADE TO DATE**

7. The Plan created the following classes of claims and interests: (a) Class 1 consisted of all Priority Claims which are entitled to priority status in accordance with § 507(a) of the Bankruptcy Code (other than Priority Tax Claims under § 507(a)(8) of the Bankruptcy

Code); (b) Class 2 consisted of all Secured Claims; (c) Class 3 consisted of all Unsecured Claims; (d) Class 4 consisted of Intercompany Claims; and (e) Class 5 consisted of Equity Interests.

8. For final accounting purposes, the table below describes the Plan's treatment of each class of claims and interests and the status of distributions by the Liquidating Trustee on account of allowed claims:

| CLASS OF CLAIMS OR INTERESTS | TREATMENT OF CLAIM UNDER PLAN | STATUS OF DISTRIBUTIONS |
|---|---|---|
| Class 1 -- Priority Claims | Paid in full in cash as soon as practicable after Effective Date. | Distributions substantially complete; any remaining check(s) on account of formerly disputed claims to be sent out prior to a hearing on this Motion. |
| Class 2 -- Secured Claims | Paid in full in cash as soon as practicable after Effective Date. | Distributions complete; no Allowed Secured Claims other than those already paid out through the sale of the Debtors' assets. |
| Class 3 -- Unsecured Claims | Pro rata share of any assets remaining in the estate after payment of higher priority claims | Final Distributions expected to be completed prior to a hearing on this Motion. |
| Class 4 -- Intercompany Claims | No distributions | N/A |
| Class 5 – Equity Interests | No distributions | N/A |

## RELIEF REQUESTED

9. The Liquidating Trustee hereby requests that this Court enter an order and final decree closing the Debtors' cases. Closing these cases is proper because distributions to the holders of allowed claims in these cases will have been substantially completed by the Liquidating Trustee by the hearing on this Motion. Furthermore, no creditor of the Debtors would be prejudiced by closing the Debtors' cases.

3

10. The Liquidating Trustee also requests that this Court authorize it to make any final distributions necessary in this case without further notice or order of this Court and that it be discharged of any further duties upon the making of any such distributions.[2]

## **APPLICABLE AUTHORITY**

11. Section 350(a) of the Bankruptcy Code states that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. Rule 3022 implements this section of the Bankruptcy Code in chapter 11 cases and provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12. The Advisory Committee Note to Rule 3022 provides in pertinent part:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. . . .

---

[2] The Liquidating Trustee will reserve for and pay any second quarter United States Trustee fees arising out of his final distributions.

4

13. This district has adopted the foregoing language of the Advisory Committee Note to Rule 3022 (the "Committee Note") in a similar situation. See In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In Mold Makers, the Court stated that "all of the factors in the Committee Note need not be present before the Court will enter a final decree. Instead, the Committee Note and the factors therein merely serve as a guide in assisting the Court in its decision to close a case." Id. The Court likened the analysis under Rule 3022 to substantial consummation of a plan of reorganization under § 1101(2) of the Bankruptcy Code, and entered a final decree despite the fact that all payments had not yet been made under the plan. Id. at 768-69.[3] See also In re Wade, 991 F.2d 402, 406 n.2 (7th Cir. 1992) (citing Mold Makers with approval); In re Jordan Mfg. Co., 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) ("The Advisory Committee Notes to current Bankruptcy Rule 3022 incorporate the standard of substantial consummation found in Section 1101(2) for determining whether the estate has been fully administered and a final decree should issue . . . ."); In re Bankeast Corporation, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991) ("This Court deems a chapter 11 estate to be "fully administered" pursuant to Bankruptcy Rule 3022 at the point of substantial consummation as defined by § 1101(2) of the Bankruptcy Code.").

14. In this case, substantial consummation of the Plan has occurred, and nearly all of the factors listed in the Committee Note have been or will be satisfied prior to the hearing on this Motion: (a) The order confirming the Plan has become final and the Effective Date has occurred; (b) deposits of cash required by the Plan have been made and distributed; (c)

---

[3] Nearly all of the components of the Bankruptcy Code's definition of "substantial consummation" under § 1101(2) are contained within the Committee Note. Specifically, § 1101(2) defines "substantial consummation" as: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

5

substantially all of the property proposed by the Plan to be transferred in the case has in fact been transferred; (d) payments and distributions under the Plan in the have not only commenced but will be fully or nearly completed by the hearing on this Motion; and (e) all motions, contested matters, and adversary proceedings in the Debtors' cases will be finally resolved on or before the date of presentment of this Motion.

15. The only remaining matter for the Liquidating trustee will be the filing of a 2008 tax return, which the Liquidating Trustee expects to complete in the very near future.

16. The entry of an order and final decree closing the Debtors' cases thus is appropriate. In addition, the Liquidating Trustee should be discharged of any further duties upon the making of any final distributions in this case.

## **NOTICE**

17. Notice of this Motion has been given to: (a) the United States Trustee, (b) all creditors of the Debtors; and (c) other parties requesting service of notices or pleadings pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Liquidating Trustee requests that the Court enter an order, in the form attached hereto: (i) granting this Motion and entering a final decree closing the Debtors' cases; (ii) authorizing the Liquidating Trustee to make any final distributions necessary without further notice or order of this Court; (iii) discharging the Liquidating Trustee from any further duties upon the making of any final distributions in this case; and (iv) granting such other and further relief as the Court deems appropriate under the circumstances.

CHIC_4196288.1

Dated: May 27, 2009

Respectfully submitted,

LePetomane XVII, Inc., not individually but solely in its capacity as Liquidating Trustee of the WISH Liquidating Trust

By: s/ Geoffrey S. Goodman
    One of its Attorneys

Edward J. Green (No. 6225069)
Geoffrey S. Goodman (No. 6272297)
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

7

CHIC_4196288.1